UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Stanhope A. Ford, | ) | No. 3:07-cv-01828 |
| | ) | |
| Plaintiff, | ) | [Hon. James G. Carr] |
| | ) | |
| v. | ) | |
| | ) | SECOND AMENDED COMPLAINT |
| Owens-Illinois, Inc., Owens-Illinois Retirement Plan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

For his second amended complaint against defendant Owens-Illinois, Inc., plaintiff Stanhope A. Ford presents the following:

JURISDICTION AND VENUE

1. This complaint arises under section 502(a) of ERISA, 29 U.S.C. §1132(a). The court has subject matter jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), and under 28 U.S.C. §1331. In addition, declaratory and injunctive relief are authorized by 28 U.S.C. §§2201 and 2202, respectively, by Rules 57 and 65 of the Federal Rules of Civil Procedure, and by section 502(a) of ERISA, 29 U.S.C. §1132(a).

2. Venue is proper in this district under section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), because the Plan has been administered in locations in this district; the violations of law alleged in this action occurred in this district; and defendant does business and is found in this

district. Venue is also proper under 28 U.S.C. §1391(b), because a substantial part of the events or omissions that give rise to plaintiff's claims occurred in this district.

PARTIES

3. Plaintiff Stanhope A. Ford is a former employee of defendant Owens-Illinois, having retired from that corporation on June 1, 2006 in the position of Vice President and General Manager of Latin America and Europe for the Closure and Special Products Division, after more than 26 years of dedicated service.

4. Defendant Owens-Illinois is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at One Michael Owens Way, Perrysburg, Ohio. It is the sponsor and a "fiduciary" within the meaning of ERISA Section 3(21)(A), 29 U.S.C. §1002(21)(A) of "the Plan," as defined in the paragraph next below.

5. The Eighth Amended and Restated Owens-Illinois Salary Retirement Plan ("the Plan"), is a defined benefit "pension benefit plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. §1002(2). Its purpose is to provide post-retirement income to participants and beneficiaries. A duplicate of the Plan and all current amendments is attached as Exhibit A. The Plan is named as a defendant for purposes of relief.

FACTUAL ALLEGATIONS

6. In December, 2003, plaintiff was employed as the Vice President and General Manager of Latin America and Europe for the Closure and Special Products Division of Owens-Illinois, a position he had held for two years.

7. On or about December 18, 2003, in anticipation of the marketing and sale of its plastic container division to Graham Packaging Company, defendant Owens-Illinois offered plaintiff enhanced retirement and other benefits if he would agree to remain employed with the company through the transition. Hereinafter this writing is sometimes referred to as "the Letter Agreement."

8. Specifically, plaintiff was promised that:

2

> "[I]n consideration of your agreement to remain an employee of the Company until 9/30/2006 but without creating any right on your part to continued employment by the Company until that date, the Company agrees that you will be entitled to retire pursuant to the 'RIF' retirement provisions of the Company's Salaried Retirement Plan with your retirement benefit calculated on the basis of eighty (80) age service 'RIF' points in any one (1) of the circumstances described in the following six (6) subparagraphs and with a severance benefit of six (6) month's base salary if subparagraph (1), (2) or (3) applies but not if subparagraph (4), (5) or (6) applies:
>
> * * *
>
> "(2) If prior to 9/30/2006, while you are an employee of the Company, there is any materially adverse change in your job duties, responsibilities, compensation including incentive compensation level (based on your historical level of participation in incentive pool amounts) or benefits including pension benefits."

A duplicate of the Letter Agreement is attached hereto as Exhibit B.

9. Plaintiff accepted defendant's offer, and continued to assist in the sale of the Plastic Container Division, and the transitioning of those assets owned by Owens-Illinois to the third-party purchasers.

10. On or about July 28, 2004, defendant Owens-Illinois entered into a definitive agreement with Graham Packaging Company to sell its blow-mold plastic container operation in North America, South America, and Europe.

11. On or about October 7, 2004, defendant Owens-Illinois completed the sale of its blow-mold plastic container operations in North America, South America, and Europe to Graham Packaging Company.

12. In December, 2004, defendant Owens-Illinois announced that certain changes would be made to the Plan which amendments became the Eighth Amendment to the Plan (the "Eighth Amendment"), a duplicate of which is attached hereto as Exhibit C, although it is also in the complete version of the Plan that is exhibited as A.

13. Among other changes, the Eighth Amendment provided that Section 8.05 of the Plan, the section containing the enhanced retirement benefits, would no longer be available to participants whose severance from service occurred on or after January 1, 2005.

14. The Eighth Amendment also contained a provision that eliminated the option of a lump sum pay out for benefits attributable to service on or after January 1, 2005.

15. As the enhanced RIF benefit that was promised in the Letter Agreement was a Section 8.05 benefit, plaintiff sought written assurances that the Letter Agreement would not be affected by the Eighth Amendment.

16. By letter dated December 28, 2004, a duplicate of which is attached hereto as Exhibit D, defendant Owens-Illinois assured plaintiff not only that the contingencies were satisfied and he was then entitled to the enhanced RIF benefit, but that the terms of the Letter Agreement were not affected by the Eighth Amendment, except as to the provision doing away with the lump sum payment option for that portion of the retirement benefit attributable to service after January 1, 2005.

17. In particular, defendant assured plaintiff that:

"1. You are correct in your understanding that subparagraph (2) on page 1 of your December 18, 2003 letter agreement (the 'Agreement') has been triggered.

"2. Pursuant to the Agreement, you can retire at any time prior to 9/30/2006 and receive the RIF retirement benefits specified in the Agreement.

"3. You do not need to take any action at this time to confirm or secure your rights under the Agreement.

"4. In the event you were to retire before 9/30/2006, your RIF retirement benefit would be payable in the following manner (reflecting the 1/1/05 amendment of the Salaried Retirement Plan):

"a. a lump sum (if so elected) amount calculated as of 12/31/04 and payable in part from the Qualified Plan and in part from the Nonqualified Plan; and

4

"b. an annuity amount calculated based on your final covered compensation and your service from 1/1/05 until your retirement date (a part of which annuity may likewise be paid from the Nonqualified Plan)."

18. Defendant also promised that plaintiff could obtain reasonable projections of his RIF retirement benefit, and he did so.  Duplicates of the projections that plaintiff obtained are attached hereto as Exhibits E and F, both of which show that even after January 1, 2005, the effective date of the Eighth Amendment, plaintiff was entitled to Qualified Plan Benefits payable in lump sums of approximately one million dollars ($1,017,279.11 and $995,872.06, respectively).

19. Plaintiff relied upon such written assurances and continued his employment with defendant Owens-Illinois.  Had it not been for such written assurance, plaintiff would have retired not later than December 31, 2004.

20. Plaintiff retired from Owens-Illinois on June 1, 2006.

21. Defendant refused to pay plaintiff in conformity with the assurances it had provided and upon which plaintiff relied, but instead, applied the Eighth Amendment so as to eliminate the RIF benefit from the Plan to which plaintiff was fully entitled as of December 28, 2004.  As a result, rather than receive a lump sum distribution in the approximate amount of one million dollars eligible for tax-deferred rollover to an individual retirement account, plaintiff received a lump sum payment of $573,799.64 which was not entitled to favorable tax treatment.

COUNT I
Illegal Cutback and Elimination of Accrued Pension Benefits
in Violation of Section 204(g) of ERISA

22. Plaintiff incorporates by reference paragraphs 1 through 21 above.

23. Section 8.05 of the Plan is a retirement benefit, early retirement benefit or a retirement-type subsidy.

24. Prior to the Eighth Amendment, the amendment at issue in the instant case, plaintiff had fully earned a benefit under Section 8.05 of the Plan, as defendant acknowledged in the letter of December 28, 2004 and by the projections done thereafter.

5

25. The adoption of an amendment reducing or abolishing Section 8.05 benefits attributable to service before January 1, 2005, the effective date of the amendment, is a reduction or elimination of an accrued benefit in violation of Section 204(g) of ERISA.

26. Under the Plan as so amended, defendants are incapable of awarding the benefit promised plaintiff and an application for these benefits by plaintiff would be futile until Section 8.05 is restored to the Plan by this court.

## COUNT II
### Breach of Fiduciary Duty by Adopting and Implementing an Illegal Cutback in Violation o f Section 404 of ERISA

27. Plaintiff incorporates by reference paragraphs 1 through 26 above.

28. Defendant Owens-Illinois is the sponsor and a "fiduciary" of the Plan.

29. In adopting and implementing the Eighth Amendment in violation of Section 204(g) of ERISA, defendant breached its duty to act solely in the interest of plan participants and beneficiaries, to administer the Plan in accordance with both the governing documents and instrument and ERISA, and to exercise care, prudence, and diligence in the performance of its responsibilities in violation of Section 404 of ERISA.

## COUNT III
### Breach of Fiduciary Duty to Inform in Violation of Section 404 of ERISA.

30. Plaintiff incorporates by reference paragraphs 1 through 29 above.

31. Defendant owed a duty to fully and accurately communicate with plaintiff concerning plan benefits and to refrain from misleading plaintiff as to material aspects of the Plan.

32. On December 28, 2004 defendant Owens-Illinois assured plaintiff in writing that events had occurred which entitled him to the enhanced RIF benefits promised in the Letter Agreement.

33. In that same writing, defendant Owens-Illinois assured plaintiff that his entitlement to the enhanced RIF benefits would not be affected by the Eighth Amendment, other

than by that aspect of the amendment doing away with the lump sum payment option for benefits earned after January 1, 2005.

34. Defendant Owens Illinois knew that plaintiff was likely to rely upon the misrepresentation.

35. By failing to accurately inform plaintiff about the effect of the Eighth Amendment to the Plan on his enhanced RIF benefit, defendant violated its duty to fully and accurately inform a participant in the Plan.

### COUNT IV
### Fraud/Equitable Estoppel

36. Plaintiff incorporates by reference paragraphs 1 through 35 above.

37. Pleading alternatively, Owens-Illinois deceptively induced plaintiff to refrain from retiring on December 31, 2004 by misrepresenting the effect that the Eighth Amendment to the Plan would have on plaintiff's enhanced RIF benefits.

38. Owens-Illinois was aware of the true facts at the time it made the misrepresentation to plaintiff.

39. Owens-Illinois intended plaintiff to rely on its misrepresentation.

40. Plaintiff in good faith, reasonably, and detrimentally relied upon the misrepresentations, unaware that they were false and misleading.

41. As a direct an proximate result of defendant's deception, defendant ought to be estopped from denying plaintiff benefits in accordance with its false representations.

WHEREFORE, plaintiff prays

a. That the court declare that accrued benefits under Section 8.05 of the Plan were protected from cut-back or elimination by Section 204(g) of ERISA, 29 U.S.C. §1054(g);

b. That the court declare the reformation of or enjoin defendant to further amend the Plan so that Section 8.05 benefits are eliminated only for those benefits earned for service

rendered beginning January 1, 2005 and restored as to those benefits accrued as of December 31, 2004.

    c.    That the court order Defendant Plan to pay to plaintiff the benefits due to him under the terms of the Plan as reformed; and

    d.    That the court grant such other appropriate equitable relief to enforce Section 204(g) of ERISA, 29 U.S.C. §1054(g).

    Plaintiff further prays

    e.    That the court declare that defendant has breached the fiduciary duties owed plaintiff as alleged herein; and

    f.    That the court grant such other appropriate equitable relief, including monetary relief, as is necessary to remedy the breach of fiduciary duties.

    Plaintiff finally prays

    g.    That the court award plaintiff reasonable costs and expenses, including attorneys fees, pre- and post-judgment interest, and such other relief as may be just and proper.

| Of Counsel for Plaintiff: | /s/ John J. McHugh, III |
|---|---|
|  | John J. McHugh, III (0019750) |
| McHUGH & McCARTHY, LTD. | email: mchugh@mchughlaw.com |
| 5580 Monroe Street |  |
| Sylvania, Ohio 43560 | /s/ Catherine H. Killam |
|  | Catherine H. Killam (0023887) |
|  | email: killam@mchughlaw.com |
|  |  |
|  | 5580 Monroe Street |
|  | Sylvania, Ohio 43560-2538 |
|  | Telephone: (419) 885-3597 |
|  | Telefax: (419) 885-3861 |
|  |  |
|  | Attorneys for Plaintiff |

CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2010, a copy of the foregoing *Second Amended Complaint* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

s/Catherine H. Killam
An Attorney for Plaintiff